Circuit Court of Medina County.

The Farmers' Mutual Fire & Lighting Insurance Association of Medina County v. L. J. Crow.

Decided, November, 1903.

*Mutual Insurance Associations—What May be Included in Assessments.*

Where the by-laws of a mutual fire insurance association organized under Sections 3686-3690, Revised Statutes, provide that an assessment shall be levied at a certain date each year to pay the losses incurred and incidental expenses, the inclusion in the amount for which assessments are levied of an amount sufficient to re-imburse officers of the company for money which they had advanced to pay losses as they occurred, does not make the assessments illegal.

Marvin, J.; Caldwell, J., and Hale, J., concur.

Error to the court of common pleas.

The parties to the original action were the reverse of the parties as they appear in this proceeding in error. In this opinion the term plaintiff will be used to designate L. J. Crow, and the term defendant to designate the insurance company.

The defendant is a corporation organized under the Revised Statutes of Ohio, Sections 3686 to 3690 inclusive, the purpose of the organization being the mutual insurance of the property of its members against loss by fire and lightning.

On the 17th day of April, 1897, the plaintiff procured from the defendant a policy of insurance in the amount of $1,725, upon a dwelling-house owned by him, together with its contents, and other buildings upon his home premises. This policy by its terms was effective from the 23d day of May, 1897, at noon, to the 23d day of May, 1902, at noon.

On the 20th day of March, 1901, said dwelling-house and most, if not all, of the other property covered by said policy of insurance was destroyed by fire. Proper notice of such fire and

proofs of loss were made to the defendant, but the defendant refused to pay for such loss under said policy because it claimed that the plaintiff had forfeited his right to the protection afforded by said policy.

At the time said policy was issued the plaintiff paid to the defendant a small sum of money.

By the terms and conditions of the policy it was provided that assessments should be made from time to time upon policy-holders, who, by virtue of taking such policies, became members of the association for the payment of the expenses of maintaining the association, and to pay losses which should be sustained by members. This provision as to assessment is found in the constitution of the association which is made a part of the policy, and is in these words:

"Those entering therein shall agree to be assessed specifically for incidental purposes and for the payment of losses and damages which may occur to any member of said association by fire or lightning."

The by-laws of the association also made a part of the policy, make provision as to these assessments in these words:

"Each member shall pay his or her assessment within 30 days after date of notice from the secretary, and in default thereof, ten cents per mile shall be added to the amount of his or her assessment, which the secretary shall receive for collecting the same. Should any member fail to pay his or her assessment for more than 60 days, he or she shall forfeit the protection of this association until all dues are paid in, and the secretary shall proceed to collect the same by law in the name of the association."

Another provision of the by-laws incorporated in the policy is that, upon proper proofs and ascertainment of loss by a member of the association, "the board of directors shall have authority to provide the necessary means for the payment of such loss by borrowing money, or otherwise, within the time specified in the by-laws whenever the same is ascertained and adjusted."

On the part of the defendant it is urged that on or about the 2d day of July, 1900, the defendant duly assessed against the

plaintiff the sum of $5 to be paid by him on or before the 25th day of September, 1900; that said sum was the proper proportionate share which should have been paid by said defendant for the losses and incidental expenses of the association at the time such assessment was made; that the plaintiff was duly notified of such assessment, but wholly failed and negelcted to pay the same within the time limited, or within sixty days after he was duly notified of such assessment, and that he never was reinstated as a member of the association.

Upon the trial it developed that an agreement was made, or undertaken to be made, by the association against the plaintiff at the date and for the amount claimed by the defendant, and evidence was given tending to show that the plaintiff was duly notified of such assessment. It is not claimed that he ever paid it. The plaintiff says, however, that such assessment was not duly and legally made.

It is provided in the by-laws of the association that unless otherwise deemed necessary by the officers of the association the board of directors shall, on the last Thursday in August of each year, meet for the purpose of ordering an assessment to meet the losses and expenses of the association for the past year.

It will be observed that the assessment for the payment of which the plaintiff is claimed to be in default was made on the 2d day of July, and not on the last Thursday in August, but since by the provision of the by-laws such assessment may be made at other times than said last Thursday in August, when deemed necessary by the board of directors, the date of the assessment is not important.

A serious question in the case is whether the assessment was made for the purposes provided by the laws governing the association.

On the part of the plaintiff it was urged that other things were included in the assessment than those for which assessments were authorized to be made—that is, for something in addition to the amount necessary for the payment of the incidental expenses and losses sustained by members.

It appears that, in some instances at least, when losses were sustained, money for the payment of such losses was furnished

by individual members of the board of directors, and that included in the assessment made on the 2d day of July, 1900, was an amount for the repayment of the money so furnished, together with interest thereon, without there having been a formal borrowing of said money by said association; that is, without any meeting of the board of directors at which said borrowing was in terms authorized; and on the part of the plaintiff it is urged that if any part of the amount included in the assessment for non-payment of which the forfeiture on the part of the plaintiff is claimed, was to repay this money so advanced, the assessment was unlawful, and the failure to pay by the plaintiff did not forfeit his rights under the policy.

The court charged the jury, among other things:

"If you find from the evidence that any part or portion or fraction of said $5 thus assessed against said plaintiff by defendant was assessed to be used by defendant to pay off any person or persons who had advanced any money to pay said losses or expense of said company mentioned and not wholly for the purpose to pay to said persons who had suffered said losses the amount due and owing to them and the expenses of said association after plaintiff became a member, or for money borrowed to pay said losses and expenses by defendant, through its board acting as a board, then said failure of plaintiff to pay said assessment would not defeat his right to recover in this action."

And again:

"If any portion of said $5, however small, was assessed against the plaintiff to pay persons for money gratuitously advanced by them without any authorization by defendant through its board of directors acting as such, then your verdict should be for the plaintiff.

Other portions of the charge are to the same effect, the instructions being clearly that the assessment could only be made to pay the incidental expenses of the association, for losses sustained by members of the association and for money borrowed by the association to pay such losses when such borrowing had been done under authorization especially granted by the board of directors at a meeting of such board.

Various requests were made by the defendant for instructions to be given to the jury, all of which, except the one marked "Request No. 4," were given. The jury retired after these instructions were given, and later returned into court, reporting that they were unable to agree upon a verdict, whereupon the court ordered the said jury to retire to its jury-room and return a verdict for the plaintiff, as prayed for in his petition. The jury thereupon retired to its room, and upon coming again into court, returned a verdict for the plaintiff.

Motion for a new trial was made by the defendant, which was overruled, and judgment was entered upon the verdict.

Numerous errors are claimed on the part of the defendant, one of which is that the court erred in refusing to grant "Request No. 4," which was, in part, that if a part of the assessment   . made on the 2d day of July, 1900, was one which might lawfully be made and the balance one which might not lawfully be made, that the plaintiff forfeited his membership by not paying so much of said assessment as was lawfully made. There was no error in refusing this request. The duty was upon the insurance company to fix the right amount to be assessed and to notify the plaintiff of the amount which was legally due from him and if the amount so claimed from him was not the lawful amount it did not devolve upon him to ascertain and tender to the association the amount which it might lawfully have claimed.

There was, however, error in the charge of the court that no assessment could lawfully be made which should include an amount for the repayment of moneys furnished for the payment of losses. If money was furnished by the officers of this association which was properly used by such association in the payment of losses sustained by its members, and such use of the money was ratified by the association by levying an assessment to repay, it was proper to treat such money as a loan to the association. No possible harm could come to the association or any of its members by using money obtained by this means rather than by using money after a formal loan had been made. It would be a most inequitable and unjust rule to hold that the members of this association might have the benefits of having its losses paid by one of its officers, or some other person, and

then say that the members of the association could not be assessed to pay the money so furnished.

It follows from what has been said that the court erred in instructing the jury to return a verdict for the plaintiff, and for these errors the judgment is reversed and the case remanded to the court of common pleas for further proceedings.